IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FABIAN CHEVALIER MILLS,

    Petitioner,                    No. CIV S-08-2224 LKK DAD P

    vs.

KEN CLARK,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief with regard to his 2000 conviction in the Solano County Superior Court on charges of rape with a foreign object, burglary, false imprisonment and robbery. An examination of the present petition and the court's records revealed that petitioner previously filed a habeas corpus petition attacking this same conviction in this court. (See case No. CIV S-03-0264 JKS DAD P.[1])

        In case number CIV S-03-0264 JKS DAD P, respondent was directed to file a response to petitioner's habeas corpus petition. Respondent filed an answer on June 6, 2003, and petitioner filed his traverse on June 19, 2003. On June 1, 2006, the court issued findings and

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1 recommendations recommending that the petition be denied.  The findings and recommendations
2 were adopted by the District Judge on December 14, 2007, and judgment was entered on the
3 same day.
4    In the petition now pending before the court, petitioner fails to acknowledge that
5 he filed a prior habeas petition to challenge this same conviction.  Instead, petitioner asserts that
6 he has "[n]ew evidence in Petitioners [sic] case [which] undermines the prosecution's entire
7 case." (Pet. for Writ Of Habeas Corpus/New Evidence and Mem. Of P. & A. at 1.)  The new
8 evidence referred to by petitioner apparently consists of a declaration by prisoner Lamont Dean
9 who contends that in 2006 while he was on a transportation van, he spoke to an inmate by the
10 name of Chris Gordon who confessed that he had committed a burglary and then later read in the
11 newspaper that petitioner had been arrested.  (Pet.'r's Cert. of Probable Cause and Notice of Mot.
12 Req. To Amend The Petition, at 3.)
13    Federal law provides that "[a] claim presented in a second or successive habeas
14 corpus application under section 2254 that was presented in a prior application shall be
15 dismissed." 28 U.S.C. § 2244(b)(1).  Any claim not presented in the prior application
16    shall be dismissed unless –
17       (A) the applicant shows that the claim relies on a new rule of
       constitutional law, made retroactive to cases on collateral review
18       by the Supreme Court, that was previously unavailable; or
19       (B)(I) the factual predicate for the claim could not have been
       discovered previously through the exercise of due diligence; and
20
       (ii)  the facts underlying the claim, if proven and viewed in light
21       of the evidence as a whole , would be sufficient to establish by
       clear and convincing evidence that, but for constitutional error, no
22       reasonable factfinder would have found the applicant guilty of the
       underlying offense.
23
24 28 U.S.C. § 2244(b)(2).  Moreover, a petitioner who seeks to proceed on a second or successive
25 habeas application "shall move in the appropriate court of appeals for an order authorizing the
26 district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

To the extent that the present petition alleges a claim that was not presented in petitioner's first federal habeas corpus action, petitioner has failed to demonstrate that the claim meets the standards set forth in 28 U.S.C. § 2244(b)(2).  Moreover, petitioner has not alleged or demonstrated that the Court of Appeals for the Ninth Circuit has authorized the district court to consider his second habeas application attacking his 2000 judgment of conviction entered in the Solano County Superior Court.  The undersigned will therefore recommend that this action be dismissed as an unauthorized second or successive habeas corpus application.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 2244(b) as second or successive.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mill2224.suc

3